Lowe's v. Curry

LOWE'S OF GREENSBORO, INC. v. CARL D. CURRY

No. 7518DC754

(Filed 21 April 1976)

**Guaranty; Rules of Civil Procedure § 50— directed verdict for plaintiff — facts not admitted**

In this action on a guaranty of credit extended to a corporation, the trial court erred in directing a verdict for plaintiff where plaintiff's evidence that the corporation was indebted to it and of the amount of the debt was uncontradicted but defendant did not admit the debt or the amount thereof, since a verdict may not be directed in favor of the party with the burden of proof unless only a question of law is presented on admitted facts.

APPEAL by defendant from *Clark (Walter E.), Judge.* Judgment signed 6 June 1975 in District Court, GUILFORD County. Heard in the Court of Appeals 19 January 1976.

Plaintiff seeks to recover $4,952.39 on a guaranty agreement executed by defendant.

Plaintiff's local credit manager testified in substance as follows:

Defendant, a vice-president of International Second Homes Corporation, applied for credit on behalf of that corporation and signed a credit application form supplied by plaintiff. The credit application contained the following:

"In consideration of credit being extended by Lowe's to me/us/it, I and/or we certify the truthfulness and veracity of the statement above, and I and/or we guarantee and bind ourselves to the faithful payment of all amounts purchased or now owing, by us or either of us, or any other person, firm or corporation for our benefit. If credit is extended to a corporation in which we, or either of us, or I am an officer, or in which an interest exists I and/or we will personally faithfully guarantee the payment of all credit extended to said corporation."

Plaintiff signed the application above a line under which there was printed the word "APPLICANT" and also signed over a line under which the words "GUARANTOR AND PLEDGEE" were printed. At the bottom of the application followed the printed words "Credit Limit" the figure "2,000" is written. Plaintiff's witness testified that this figure was written in after defendant

left the office and represented his unilateral decision as to the amount of credit he would extend. After talking with one of the credit references given by defendant, he increased the amount to $5,000.

The agreement was executed on 23 January 1973. Credit was extended until 6 October 1973. Payments were made on the account from time to time and, on 4 October 1973, the account was fully paid according to the ledger card introduced into evidence. Nothing has been paid since that date and the amount now owed is for credit purchases on 6 October 1973. The credit manager called defendant and was told by defendant that "a check would be forthcoming." International Second Homes Corporation is insolvent and plaintiff received nothing as a result of the claim it filed in the bankruptcy proceedings.

Defendant's testimony as it is material to the appeal is substantially as follows. He went to plaintiff's office to open a credit account for the corporation. At that time he was Sales Manager and Assistant Vice-President of the corporation. He gave plaintiff the information requested on the credit application and signed the application above the words "Guarantor and Pledgee" and above the word "Applicant." Thereafter, he ordered materials from plaintiff on a number of occasions but did not place the order for the goods bought in October, 1973. The corporation went bankrupt after less than one year's operation and part of his salary has not been paid. His mother was one of the stockholders.

In defendant's answer he alleged that, at the time of the execution of the credit application, plaintiff had indicated that the credit limit of the corporation would be $2,000. At trial, he testified "I can't say for sure whether the $2,000 figure of the credit limit being [sic] placed on the application at the time." In his answer he first generally denied the material allegation of the complaint but in other parts of the answer he effectively admitted the execution of the document in question. Neither in his pleading nor at trial, however, did he admit that the corporation was indebted to plaintiff in any amount.

At the close of all the evidence the court took the case from the jury and entered judgment directing a verdict for plaintiff in the amount sued for.

*J. Patrick Adams, for plaintiff appellee.*

*Gerald C. Parker, for defendant appellant.*

State v. Christopher

VAUGHN, Judge.

At the close of the evidence in this case it would have been proper for the judge to have instructed the jury that if it should find the facts to be as all of the evidence tended to show, it should return a verdict in favor of the plaintiff as prayed for in the complaint. This is so because there are no material conflicts in the evidence and no conflicting inferences arise therefrom.

Nevertheless, upon the authority of *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297, we hold that it was error to direct a verdict for plaintiff in any amount, since plaintiff was the party with the burden of proof. Plaintiff's evidence that there was no limit on the amount of defendant's guarantee was uncontradicted by defendant. Nevertheless it was not *admitted* by defendant. Plaintiff's evidence that the corporation was indebted to it and its evidence as to the amount of the debt was not contradicted by defendant. Nevertheless, neither by pleading nor evidence did defendant *admit* the company debt or the amount thereof. *Cutts v. Casey, supra,* holds that verdict may never be directed in favor of the party with the burden of proof unless only a question of law is presented based on *admitted* facts. The verdict may not be directed merely because the material facts are uncontradicted. The uncontradicted evidence must be submitted to the jury with instructions as to how to answer the issues *if* they believe the evidence.

The judgment is reversed and the case is remanded.

Reversed and remanded.

Judges MARTIN and CLARK concur.